819 F.2d 1139
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Cephas P. RICHARDSON-EL, Plaintiff-Appellant,
v.
STATE OF MARYLAND; City of Baltimore; Edward J. Angeletti,
Circuit Court Judge for Baltimore City; Office of the
State's Attorney for Baltimore City; Unknown Name,
Assistant State's Attorney; Michael Cross, Assistant
State's Attorney; Baltimore City Police Department, S.E.
District; Officer Peter J. Vasiliou, C721; Officer,
Unknown Name, A759; Officer, Unknown Name, B042; Office of
the Public Defender, Appellate Division; Unknown Name,
Assistant Public Defender; Gary Woodruff, Assistant Public
Defender; The Chesapeake Cadillac/Jaguar Company; Matt
Fenton's Owner; James Sipes, Sales Manager; Noam Buchnan,
Salesman; The News American Newspaper Company; Unknown
Name, Editor and Chief; Christine Stutz, News American
Staff; Ned Kodeck, Special Assistant to the
Administrator/Motor Vehicle Administration, Defendant- Appellees.
 No. 86-7358.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 17, 1987.
Decided May 27, 1987.
 
 Before PHILLIPS and ERVIN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Cephas P. Richardson-El, appellant pro se.
 PER CURIAM:
 
 
 1
 Cephas P. Richardson-El, a Maryland inmate, appeals from the district court's summary dismissal of his 42 U.S.C. Sec. 1983 complaint filed in forma pauperis.
 
 
 2
 In his complaint, Richardson-El named as defendants a variety of persons and entities having some connection to his conviction for unauthorized use of a motor vehicle. He alleged a vast conspiracy "to keep plaintiff in false imprisonment" and to maliciously prosecute him. He sought his release, the indictment of an unnamed public official, money damages and the appointment of counsel.
 
 
 3
 Because Richardson-El's complaint attacked the validity of his confinement and sought release, it may not proceed without compliance with the exhaustion requirement of 28 U.S.C. Sec. 2254. Hamlin v. Warren, 664 F.2d 29 (4th Cir.1981), cert. denied, 455 U.S. 911 (1982). Richardson-El must first exhaust his state remedies before presenting his claim in federal court. Id. If on remand it appears that Richardson-El has not exhausted his state remedies, his complaint should be dismissed, unless there is concern about the running of any applicable statute of limitations. If there is such a concern, the district court should hold the action in abeyance pending exhaustion. Id. at 32.
 
 
 4
 As the dispositive issues recently have been decided authoritatively, we dispense with oral argument. The judgment of the district court is vacated and the case remanded for further proceedings not inconsistent with this opinion.
 
 
 5
 VACATED AND REMANDED.